# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____DELAWARE_____ County

*For Prothonotary Use Only:*

Docket No:

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: Montese Mitchell

Lead Defendant's Name: Delaware County

**Are money damages requested?** [x] Yes [ ] No

Dollar Amount Requested: (check one)
- [x] within arbitration limits
- [ ] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [x] No

**Is this an *MDJ Appeal*?** [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: James D. Famiglio, Esquire

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [x] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/ Defamation
- [ ] Other:
  _____
  _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:
  _____
  _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:
  _____
  _____

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
  _____
  _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
  _____
  _____
- [ ] Other:
  _____
  _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:
  _____
  _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
  _____
  _____
- [ ] Zoning Board
- [ ] Other:
  _____
  _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:
  _____
  _____

*Updated 1/1/2011*

Law Offices
**JAMES D. FAMIGLIO, P.C.**
811 N. Providence Road
Media, Pennsylvania  19063
610-359-9220
By:  James D. Famiglio, Esquire
I.D. No. 51101                                                                    **Attorney for Plaintiff**

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
## CIVIL ACTION - LAW

| | |
|---|---|
| **MONTESE MITCHELL** | : |
| 2820 W. 3rd Street | : |
| Chester, PA 19013 | : |
| | : |
| **Plaintiff,** | :   **No.** |
| | : |
| **v.** | : |
| | : |
| **DELAWARE COUNTY** | : |
| 201 W. Front Street | : |
| Media, PA 19063 | : |
| | : |
| **and** | : |
| | : |
| **JAIL OVERSIGHT BOARD OF** | : |
| **DELAWARE COUNTY, PENNSYLVANIA** | : |
| 500 Cheney Road | : |
| Thornton, PA 19373 | : |
| | : |
| **and** | : |
| | : |
| **LAURA WILLIAMS, Individually and in** | : |
| **her Official Capacity as Warden at** | : |
| **George W. Hill Correctional Facility** | : |
| 500 Cheney Road | : |
| Thornton, PA 19373 | : |
| | : |
| **and** | : |
| | : |
| **MICHAEL MOORE, Individually and in** | : |
| **his Official Capacity as Classification** | : |
| **Counsel at George W. Hill Correctional** | : |
| **Facility** | : |
| 500 Cheney Road | : |
| Thornton, PA 19373 | : |
| **Defendants.** | : |

# **NOTICE**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance, personally or by attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice, for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYER REFERRAL SERVICE**
**Front & Lemon Streets, Media, PA 19063**
**610-566-6625**

**Law Offices**
**JAMES D. FAMIGLIO, P.C.**
**811 N. Providence Road**
**Media, Pennsylvania  19063**
**610-359-9220**
By:  James D. Famiglio, Esquire
I.D. No. 51101                                                                                                    **Attorney for Plaintiff**

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
## CIVIL ACTION - LAW

**MONTESE MITCHELL**                                         :
2820 W. 3rd Street                                              :
Chester, PA 19013                                              :
                                                                       :
                                            **Plaintiff,**  :     **No.**
                                                                       :
        **v.**                                                     :
                                                                       :
**DELAWARE COUNTY**                                     :
201 W. Front Street                                          :
Media, PA 19063                                              :
                                                                       :
        **and**                                                  :
                                                                       :
**JAIL OVERSIGHT BOARD OF**                     :
**DELAWARE COUNTY, PENNSYLVANIA**   :
500 Cheney Road                                              :
Thornton, PA 19373                                          :
                                                                       :
        **and**                                                  :
                                                                       :
**LAURA WILLIAMS, Individually and in**      :
**her Official Capacity as Warden at**            :
**George W. Hill Correctional Facility**          :
500 Cheney Road                                              :
Thornton, PA 19373                                          :
                                                                       :
        **and**                                                  :
                                                                       :
**MICHAEL MOORE, Individually and in**       :
**his Official Capacity as Classification**       :
**Counsel at George W. Hill Correctional**     :
**Facility**                                                        :
500 Cheney Road                                              :
Thornton, PA 19373                                          :
                                            **Defendants.**  :

## **COMPLAINT**

1. Plaintiff, Montese Mitchell, is an adult individual who at all times material hereto was incarcerated at the George W. Hill Correctional Facility a/k/a Delaware County Prison (hereinafter referred to as the "Prison").

2. Defendant, Delaware County, is a county and political subdivision organized by and through the Commonwealth of Pennsylvania with a business addressed located at the address referenced above. Defendant, Delaware County, maintains the Prison located in Delaware County, Pennsylvania.

3. Defendant, Jail Oversight Board of Delaware County, Pennsylvania (hereinafter referred to as "Jail Oversight Board"), is located at the address referenced above and has a mailing address of P.O. Box 23, Thornton, PA 19373. The Jail Oversight Board exercises administrative oversight of the Prison. The duties of the Jail Oversight Board are set forth in Ordinance No. 2019-2, Chapter 86-1. The Jail Oversight Board's administrative powers and duties include the operation and maintenance of the Prison and the safe-keeping of inmates therein among other powers.

4. Defendant, Laura Williams (hereinafter referred to as "Laura Williams" or "Warden"), individually and in her official capacity as Warden at the Prison, at all times relevant hereto was an adult individual, citizen and resident of the Commonwealth of Pennsylvania and was the Prison's Warden employed by and acting in her capacity as the agent, servant and employee of Defendant, Delaware County. Defendant, Laura Williams, was empowered to employ deputies, assistants and other personnel and required to adequately operate the Prison among other duties. Defendant, Laura Williams, at all times relevant hereto was a state actor.

5. Defendant, Michael Moore, Individually and in his Official Capacity as Classification Counsel at George W. Hill Correctional Facility (hereinafter referred to as "Michael Moore"), was an adult individual, citizen and resident of the Commonwealth of Pennsylvania and was employed by Defendant, Delaware County, working as an employee at the Prison. Defendant, Michael Moore, was a state actor during his employment at the Prison. Defendant, Michael Moore's, duties included, but were not limited to, administrative services and operations of the Prison. At all times relevant hereto, Defendant, Michael Moore, was an official of Defendant, Delaware County, and was acting under color of law and was a state actor.

7. On or about January 29, 2024, Plaintiff was brought to the Prison as a pre-trial detainee.

8. On or about January 29, 2024, without reason, justification or explanation, Plaintiff was brought to housing Unit 10D which is known as a disciplinary unit, or the Special Max Unit (SMU), more commonly referred to as "the Hole." He moved there from general population without reason, justification or explanation. Unit 10D is known as a unit for punishment with very restricted privileges and with extremely limited activities of daily life.

9. Plaintiff was placed in Unit 10D without any prison violations, need for protection, or any other justification.

10. While incarcerated in Unit 10D, Plaintiff was locked in his cell 23 hours per day, Monday through Friday. He was taken out of his cell for phone calls and showers one hour per day.

11. On weekends from Friday to Monday, Plaintiff remained locked in his cell without any recreation time.

12. Plaintiff remained in what is essentially solitary confinement for approximately seventeen (17) days without explanation or reason.

13. Plaintiff filed grievances pleading to be removed from solitary confinement and placed back into general population.

14. Plaintiff was finally able to convince two women who he believed worked for Wellpath mental health to help him get transferred to general population. It appears that these Wellpath employees were successful. He was removed from "the Hole" and placed back into general population on or about February 17, 2024.

**COUNT I**
**CIVIL RIGHTS**
**Violation of Due Process - Fourteenth Amendment**
**Failure-to-Protect / Deliberate Indifference - Fourteenth Amendment**
**Violation of Equal Protection - Fourteenth Amendment**
**Plaintiff v. All Defendants**

15. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein at length.

16. Pre-trial detainees are protected from punishment or cruel and unusual confinement before conviction.

17. Subjecting Plaintiff to solitary confinement in "the Hole" for seventeen (17) days amounted to cruel and unusual punishment as at the time Plaintiff was not convicted of any crime, had not committed any violations of prison rules nor was there any justification for subjecting the Plaintiff to "the Hole." Plaintiff never had a hearing concerning his placement or status for his solitary confinement in "the Hole." Plaintiff was never provided reasons for his housing status nor updates concerning same.

18. This action is brought pursuant to 42 U.S.C. §1983 to address the deprivation of rights secured by the Fourteenth (14th) Amendment to the United States Constitution, including violation of his due process rights, right to be free from deliberate indifference to his serious needs, and his right to equal protection under the law as his status of a pre-trial detainee at the Prison.

19. Plaintiff suffered emotional and physical harm as a result of being in solitary confinement for a period of seventeen (17) days.

20. Defendants, each of them, acted with deliberate indifference to Plaintiff's health, safety and well being needs by knowing Plaintiff was not classified as having any justification or reason to be sent to a disciplinary unit, specifically, Unit 10D, known as "the Hole."

21. Although Plaintiff's condition of solitary confinement was known to all staff at the Prison, and his complaints and requests to be removed from solitary confinement were heard by various members of staff of the Prison, Defendants, each of them, were deliberately indifferent to Plaintiff's health, well being and safety concerns to be removed from solitary confinement.

22. As a result of being incarcerated in the cruel conditions of solitary confinement as described above, Plaintiff suffered emotional and physical distress including, but not limited to, vomiting, headaches and anxiety.

23. The conditions and confinement of Plaintiff and its related restrictions amounted to an expressed intent to punish Plaintiff and/or was not reasonably related to a non-punitive, legitimate governmental objective. Rather, the conditions of solitary confinement for Plaintiff were arbitrary and purposeless.

WHEREFORE, Plaintiff demands judgment against all Defendants, individually and/or jointly and severally, not in excess of $50,000.00, exclusive of interest and costs, which sum includes, but is not limited to:

(a) a compensatory damage award;

(b) reasonable attorney's fees and costs;

(c) reasonable past and future medical expenses;

(d) past and future lost wages;

(e) damages for past and future pain and suffering;

(f) such other and further relief as appears reasonable and just;

(g) punitive damages; and

(h) all other damages recoverable under 42 U.S.C. §1983.

          Law Offices
          JAMES D. FAMIGLIO, P.C.

      By: *James D. Famiglio*
          JAMES D. FAMIGLIO, ESQUIRE
          *Attorney for Plaintiff*

Dated: 1/20/26

## VERIFICATION

I, Montese Mitchell, verify that I am the Plaintiff in the within matter and that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

*Montese Mitchell*

Dated: 1/20/26

FILED
01-20-2026 03:32 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA